**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Omar Mohammed Kalmio, | ) | |
| | ) | |
| | ) | **ORDER** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Christopher Mettler, | ) | Case No.  4:13-cv-083 |
| | ) | |
| Defendants. | ) | |

_____

Kalmio was convicted of four counts of murder in state district court.  He is presently

incarcerated at the North Dakota State Penitentiary.   He initiated the above-entitled action in this

court on July 15, 2013, with the submission of a proposed complaint and application to proceed *in*

*forma pauperis*.  The court granted Kalmio's application and directed the Clerk's office to file

Kalmio's complaint.  It shall now undertake an initial screening of Kalmio's complaint as mandated

by 28 U.S.C. § 1915A.

**I.    BACKGROUND**

Kalmio claims that his civil rights were violated to the extent that he harassed and otherwise

made to feel uncomfortable by defendant while awaiting his trial on state murder charges.

Specifically, he alleges:

> Some time in October 2012, I was in cell bock (C) in Ward County Jail
> awaiting trial on a murder case I was being accused of.  I had not been convicted of
> these crimes yet only accused.  On this particular day I was watching the news about
> the "Batman movie theater shooting" during this Officer Christopher Mettler and
> Officer Joshua S. (full name unknown to me at this time) came into the cell block to
> do checks.  Officer Mettler looked at the T.V. and asked me "when are you going to
> dye your hair orange so you can look like him, referring to James Holmes the
> Batman movie theater killer.  Considering that the perpetrator (James Holmes) cold

1

bloodedly murdered a lot of innocent people at the movie theater, I was completely shocked that Officer Mettler would say such a thing like that to me. I just couldn't believe Officer Mettler said that. It shocked me so bad that I started to asked questions to myself trying to figure out why Mettler would say something like to me. About 30 minutes later, Christopher Mettler cam in to do another check so I asked officer Mettler why he asked me if I was going to color my hair orange. I said "are you calling me a serial killer or mass murderer"? Then Officer Mettler said "why, don't you want to look like him", and then Officer Mettler started to smile at me and shut the door behind him. The thing that bothers me is that since I've been accused of these heinous crimes that I did not commit Officer Mettler is always smiling at me like he wants to make fun of me or make me feel bad. I believe the reason Officer Mettler said that to was because I was accused of killing 4 people, and in officer mettler's twisted mind, he thinks it's funny by making jokes about a very tragic crime that I did not commit.

*** 

The reason why I waited so long to file for the law suit is because I was afraid that if I caused any problems for the jail or its Officers while I was there, they would have made my time miserable and could have hurt me.

*** 

Plaintiff since this incident with the Defendant has had serious mental anguish and nightmares that include the Defendant taunting him and torturing him.

(Docket No. ) (errors in original). He seeks to recovery compensatory and punitive damages.

## II.  <u>GOVERNING LAW</u>

Federal statute mandates that the court conduct an initial review of all prisoner complaints. 28 U.S.C. § 1915A(a). It further provides in relevant part that, on review, the court shall dismiss a prisoner's complaint or any portion thereof if it fails to state a claim upon which relief may be granted. 28 § 1915A(b).

In the case of an action for a violation of federal civil rights under 42 U.S.C. § 1983, plaintiff must allege a violation of a right secured by the Constitution or the laws of the United States and that the violation was committed by a person acting under color of state law in order to

state a cognizable claim.  West v. Atkins, 487 U.S. 42, 48 (1988); Walker v. Reed, 104 F.3d 156, 157-158 (8th Cir. 1997).  Also, the pleading must allege a sufficient causal link between the alleged violation and the basis upon which a particular defendant is to be held responsible, keeping in mind that persons sued in their individual capacities for damages must be personally involved or directly responsible since § 1983 does not impose *respondeat superior* liability.  Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999); Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir.1990); Martin v. Sargent, 780 F.2d 1334, 1337-39 (8th Cir. 1985).

Although this court is required to construe *pro se* complaints liberally, the court is not required to ignore facts that are pled by a prisoner when they undermine the prisoner's claim.  The court may accept as true all facts pled in the complaint and conclude from them that there is no claim stated as a matter of law.  E.g., Edwards v. Snyder, 478 F.3d 827, 830 (7th Cir. 2007) ("A complaint can also allege too much; a plaintiff may unwittingly plead himself out of court by alleging facts that preclude recovery."); Thompson v. Ill. Dep't of Prof'l Regulation, 300 F.3d 750, 753-754 (7th Cir. 2002) (citing other cases).

## III.  DISCUSSION

First, Kalmio neither invokes his federal constitutional rights nor alleges any violation of federal statutory law.  Second, "[s]tanding alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir.2000); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir.1996) (holding verbal harassment generally does not violate the Eighth Amendment); Ivey v. Wilson, 832 F.2d 950, 953–55 (6th Cir.1987) (holding that verbal abuse, harassment, or arbitrariness by prison officials toward an inmate does not qualify as punishment

within the meaning of the Eighth Amendment); <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir.1987) (holding that verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983); <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th Cir.1985) (holding that name calling, where a prison guard called plaintiff an obscene name, is not a constitutional violation); <u>Collins v. Cundy</u>, 603 F.2d 825, 827 (10th Cir.1979) (holding that verbal harassment or abuse, where sheriff laughed at plaintiff and threatened to hang him, was not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983); <u>Ellingburg v. Lucas</u>, 518 F.2d 1196, 1197 (8th Cir.1975) (holding damages for defamation, resulting when defendant called plaintiff an obscene name, are not recoverable under 42 U.S.C. § 1983). The import of this is that the verbal harassment to which Kalmio claims he was subjected does not constitute the basis for a viable constitutional claim.

In short, while defendant's conduct have been unprofessional if it had occurred as Kalmio describes, it cannot be the subject of a federal civil rights action in this court. Kalmio's complaint about defendant's conduct is more appropriate made to defendant's supervisors.

## IV.   <u>CONCLUSION</u>

Kalmio's verbal harassment claim is not action under § 1983. Consequently, his complaint (Docket No. 7) is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b).

Dated this 20th day of August, 2013.

<u>/s/ Charles S. Miller, Jr.</u>
Charles S. Miller, Jr., Magistrate Judge
United States District Court
